IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN RAY HYDER, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C.A. NO. C-06-115 |
| | § | |
| MCCONNEL UNIT MAILROOM | § | |
| DEPARTMENT, *et al.*, | § | |
| Defendant | § | |

## ORDER

Plaintiff Calvin Ray Hyder, a Texas state prisoner, filed this action pursuant to 42 U.S.C. § 1983.  (D.E. 1).  Pending is his motion for a writ of mandamus to compel the Court to remove the entry of a $250.00 filing fee from his prison records.  (D.E. 22).

## I.  BACKGROUND

On February 15, 2006, plaintiff filed a complaint with this Court seeking relief pursuant to a common law writ.  (D.E. 1, at 2).  His complaint was construed as a prisoner civil rights complaint subject to the provisions of 42 U.S.C. § 1983.  On March 23, 2006, he filed a motion objecting to the Court's determination that his complaint was filed pursuant to § 1983, and sought to have his case proceed pursuant to a common law writ.  (D.E. 7).  His motion was denied because nothing in his motion or original complaint supported his assertion.  (D.E. 8).

On March 27, 2006, plaintiff filed a motion to proceed in forma pauperis ("i.f.p.").  (D.E. 9).  On March 28, 2006, his motion for i.f.p. was granted, (D.E. 10), but was subject to a partial filing fee and collection order ("collection order").  (D.E.11).  The collection order notified him that if he did not wish to pay the filing fee as set forth, he needed to notify the Court in writing that he did not wish to continue to prosecute his claims within thirty days of entry of the

collection order.  (D.E. 11, at 2).  A form to voluntarily dismiss his action was included with the

collection order.  Id. at 4.

On April 5, 2006, plaintiff filed a motion to dismiss pursuant to Rule 41 of the Federal

Rules of Civil Procedure.  (D.E. 13, at 1).  He failed to indicate whether he was seeking a

voluntary or involuntary dismissal under the rule.  He did argue, however, that he was being

forced to dismiss his case because state and federal courts could provide no justice due to

judicial bias towards prisoners.  Id.  On April 13, 2006, his motion to dismiss was denied.  (D.E.

14).

On April 13, 2006, an order vacating the previous grant to proceed i.f.p. was entered,

which by implication, but not specifically vacating the collection order.  (D.E. 16).  A

memorandum and recommendation was also entered, on April 13, 2006, that recommended

plaintiff's claims be dismissed because he lost his privilege to proceed i.f.p. pursuant to the three

strikes rule of 28 U.S.C. § 1915(g).  (D.E. 15, at 1-3).  He had at least three prior actions

dismissed as frivolous, malicious or for failure to state a claim.  Id. at 2.  Accordingly, he could

only proceed i.f.p. if he was able to show that he was in imminent danger of physical harm,

which he failed to allege in his pleadings.  Id. at 3.  Thus, the memorandum recommended that

his application to proceed i.f.p. be denied and his case be dismissed without prejudice.  Id.  It

further recommended that he be permitted to move to reinstate his lawsuit, but only if the

$350.00 filing fee was paid simultaneously with the motion to reinstate.  Id.  The Court adopted

the recommendations and final judgment was entered on April 25, 2006.  (D.E. 20, 21).

On June 19, 2006, plaintiff filed this motion seeking a writ of mandamus.  (D.E. 22).  In

his motion, he argues that Texas Department of Criminal Justice ("TDCJ") has charged his

inmate trust fund account a $250.00 filing fee for the filing of this case in contradiction of the

Court's orders.  (D.E. 22, at 1).  He indicates that he does not wish to reinstate his claims at this

time.  Id.  He seeks a writ of mandamus to compel the Court to remove the $250.00 filing fee

from his prison records.  Id.

## II.  DISCUSSION

A writ of mandamus is an extraordinary remedy reserved for extraordinary

circumstances.  Kerr v. United States Dist. Ct. for the N. Dist. of Cal., 426 U.S. 394, 403 (1976);

United States v. Comeaux, 954 F.2d 255, 261 (5th Cir. 1992); Hamilton v. Morial, 644 F.2d 351,

353 (5th Cir. 1981) (per curiam).  In order for mandamus jurisdiction to exist plaintiff must

establish the existence of three elements.  "'A plaintiff must show a clear right to the relief

sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy

is available.'"  United States v. O'Neil, 767 F.2d 1111, 1112 (5th Cir. 1985) (quoting Green v.

Heckler, 742 F.2d 237, 241 (5th Cir. 1984)).  Mandamus is improper where another remedy is

adequate to address the relief sought by the moving party.  See id. at 1113 (denying writ of a

mandamus where adequate remedy existed in lower court); see also In re First S. Savings Assoc.,

820 F.2d 700, 707 (5th Cir. 1987) (in analyzing a petition for writ of mandamus courts must

determine if there are alternative avenues to obtain the relief requested).

Here, plaintiff requests "that a magistrate be ordered to remove the $250.00 fee from the

petitioner's records for the petitioner did dismiss this action and has not re-instated it."  (D.E. 22,

at 1).  While he misunderstands the disposition of his case, and the efficacy of the remedy in this

case, it is not necessary to address these deficiencies.  Resort to the extraordinary remedy of

mandamus is not required because there are alternative remedies to address the relief sought by plaintiff.

Here, plaintiff's pro se motion is construed as a request for relief from the collection order.  On March 28, 2006, an order granting his request to proceed i.f.p. was granted (D.E. 10), and in conjunction a collection order was issued to collect the filing fee as provided therein. (D.E. 11).  However, the order to proceed i.f.p. was later vacated, (D.E. 16), but due to an administrative oversight the collection order was not explicitly revoked.  (D.E. 11).

The relief sought by plaintiff is consistent with the previous revocation of his i.f.p. status. Accordingly, it is ORDERED that the collection order, (D.E. 11), is vacated because plaintiff is not required to pay the filing fee at this time due to the Court's dismissal of his action in compliance with 28 U.S.C. § 1915(g).  To the extent that any funds have been received in satisfaction of the collection order's instructions for payment of the filing, it is ORDERED that the funds be returned to the TDCJ for disbursement to plaintiff.  The Clerk's Office shall send a copy of this Order to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711 to ensure compliance.

ORDERED this 29th day of June 2006.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE