IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CALVIN RAY HYDER, | § | |
|     TDCJ #458495 | § | |
| | § | |
| v. | § | C.A. NO. C-06-115 |
| | § | |
| MCCONNEL UNIT MAILROOM | § | |
| DEPARTMENT, *et al.*, | § | |

**ORDER**

Plaintiff Calvin Ray Hyder, a Texas state prisoner, filed this action pursuant to 42 U.S.C. § 1983.  (D.E. 1).  Pending is his motion for a writ of mandamus to compel the Court to return a $4.00 partial filing fee taken from his inmate trust fund account statement.  (D.E. 24).

## I. BACKGROUND

On February 15, 2006, plaintiff filed a complaint with this Court seeking relief pursuant to a common law writ.  (D.E. 1, at 2).  His complaint was construed as a prisoner civil rights complaint subject to the provisions of 42 U.S.C. § 1983.  On March 23, 2006, he filed a motion objecting to the Court's determination that his complaint was filed pursuant to § 1983, and sought to have his case proceed pursuant to a common law writ.  (D.E. 7).  His motion was denied because nothing in his motion or original complaint supported his assertion.  (D.E. 8).

On March 27, 2006, plaintiff filed a motion to proceed in forma pauperis ("i.f.p.").  (D.E. 9).  On March 28, 2006, his motion for i.f.p. was granted, (D.E. 10), but was subject to a partial filing fee and collection order ("collection order").  (D.E.11).  The collection order notified him that if he did not wish to pay the filing fee as set forth, he needed to notify the Court in writing that he did not wish to continue to prosecute his claims within thirty days of entry of the

collection order.  (D.E. 11, at 2).  A form to voluntarily dismiss his action was included with the collection order.  Id. at 4.

On April 5, 2006, plaintiff filed a motion to dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure.  (D.E. 13, at 1).  He failed to indicate whether he was seeking a voluntary or involuntary dismissal under the rule.  He did argue, however, that he was being forced to dismiss his case because state and federal courts could provide no justice due to judicial bias towards prisoners.  Id.  On April 13, 2006, his motion to dismiss was denied.  (D.E. 14).

On April 13, 2006, an order vacating the previous grant to proceed i.f.p. was entered, which by implication, but not specifically vacating the collection order.  (D.E. 16).  A memorandum and recommendation was also entered, on April 13, 2006, that recommended plaintiff's claims be dismissed because he lost his privilege to proceed i.f.p. pursuant to the three strikes rule of 28 U.S.C. § 1915(g).  (D.E. 15, at 1-3).  The Court adopted the recommendations and final judgment was entered on April 25, 2006.  (D.E. 20, 21).

On June 19, 2006, plaintiff filed a motion seeking a writ of mandamus.  (D.E. 22).  He argued that Texas Department of Criminal Justice ("TDCJ") has charged his inmate trust fund account a $250.00 filing fee for the filing of this case in contradiction of the Court's orders.  (D.E. 22, at 1).  He sought a writ of mandamus to compel the Court to remove the $250.00 filing fee from his prison records.  Id.

On June 29, 2006, an order was issued vacating the collection order.  (D.E. 23).  Thus, TDCJ was no longer to deduct funds from plaintiff's inmate trust fund for partial payments toward a filing fee in this action.

## II.  DISCUSSION

A writ of mandamus is an extraordinary remedy reserved for extraordinary circumstances.  Kerr v. United States Dist. Ct. for the N. Dist. of Cal., 426 U.S. 394, 403 (1976); United States v. Comeaux, 954 F.2d 255, 261 (5th Cir. 1992); Hamilton v. Morial, 644 F.2d 351, 353 (5th Cir. 1981) (per curiam).  In order for mandamus jurisdiction to exist plaintiff must establish the existence of three elements.  "'A plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available.'"  United States v. O'Neil, 767 F.2d 1111, 1112 (5th Cir. 1985) (quoting Green v. Heckler, 742 F.2d 237, 241 (5th Cir. 1984)).  Mandamus is improper where another remedy is adequate to address the relief sought by the moving party.  See id. at 1113 (denying writ of a mandamus where adequate remedy existed in lower court); see also In re First S. Savings Assoc., 820 F.2d 700, 707 (5th Cir. 1987) (in analyzing a petition for writ of mandamus courts must determine if there are alternative avenues to obtain the relief requested).

Here, plaintiff requests his $4.00 be returned to his inmate trust fund account.  (D.E. 24, at 1).  While he misunderstands the writ of mandamus, it is not necessary to address the deficiencies in plaintiff's petition.  Resort to the extraordinary remedy of mandamus is not required because there are alternative remedies to address the relief sought by plaintiff.

Here, on June 29, 2006, an order was issued barring TDCJ from collecting any payments for the filing fee in this action.  (D.E. 23).  The recent deduction contravenes the June 29, 2006 order.

Accordingly, it is ORDERED that $4.00 be returned to the TDCJ for disbursement to plaintiff.  The Clerk's Office shall send a copy of this Order as well as the June 29, 2006 Order

to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711 to ensure compliance.

    ORDERED this 4th day of April 2008.

                                        _____
                                        BRIAN L. OWSLEY
                                        UNITED STATES MAGISTRATE JUDGE